**Vincent John SEDGWICK,**
**Plaintiff–Appellant,**

v.

**CITY OF HENDERSON; Nationwide Institute for Truth Verification; Charles Humble; Tommy Burns; Lorraine Newman; Eddie Newman, Defendants–Appellees.**

No. 99–16071.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 17, 2000.

Decided Jan. 17, 2001.

Before KOZINSKI, HAWKINS, and BERZON, Circuit Judges.

* This disposition is not appropriate for publication and may not be cited to or by the courts

MEMORANDUM *

Vincent John Sedgwick ("Sedgwick") appeals the adverse summary judgment of his 42 U.S.C. § 1983 action against: (1) the City of Henderson, Nevada ("Henderson"); (2) the Henderson police chief; (3) Henderson police officers; and (4) the inventor and manufacturer of a computer voice stress analyzer ("CVSA"). Because Sedgwick has not shown that the results of the CVSA damaged him in any way, his arguments fail. Sedgwick's contention that his request for declaratory relief was improperly dismissed fails because the applicability of the relevant Nevada statute was never argued by Henderson.

■ Nevada Revised Statute 171.106 does not require an investigator's affidavit for an arrest warrant to issue. Indeed, the affidavit prepared by Officer Lorraine Newman was never presented to the state court that issued Sedgwick's arrest warrant or any other state court. Furthermore, the criminal complaint filed by the district attorney did not allege the key fact that Sedgwick was allegedly lying about, that Sedgwick had intercourse with the victim. Therefore, any discussion of the CVSA results contained in Officer Lorraine Newman's affidavit had no impact on Sedgwick's arrest and caused Sedgwick no constitutionally cognizable injury.

*Kalina v. Fletcher*, 522 U.S. 118, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997), does not compel a different result. In that case, King County, Washington prosecutors were required to set forth a summary of the evidence in support of a charge in a "Certification for Determination of Probable Cause" before a warrant could issue. Here, Officer Lorraine Newman's affidavit was not required for the warrant to issue

of this circuit except as provided by Ninth Circuit Rule 36–3.

and was not in fact considered by the state judge who issued the warrant.

Because Officer Lorraine Newman's affidavit did not cause Sedgwick any constitutionally cognizable injury, the results of the CVSA as interpreted by Officer Eddie Newman did not cause Sedgwick any harm through their inclusion in that affidavit. Further, since the CVSA results never harmed Sedgwick, Officer Eddie Newman caused no constitutionally cognizable injury even if he inaccurately described the CVSA's reliability to Sedgwick.

■ Neither Henderson nor the police chief can be held liable under § 1983 on a respondeat superior theory, *see Monnell v. Dep't of Social Servs. of City of New York,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), and Sedgwick presents no evidence that the execution of a city policy or custom caused him constitutionally cognizable injury, *see id.* at 694. Also, because the CVSA caused Sedgwick no constitutionally cognizable injury, neither Henderson nor the police chief is liable to Sedgwick even if the decision to use the CVSA was improper.

Sedgwick's claims against the inventor and manufacturer of the CVSA also fail because the CVSA caused no constitutionally cognizable injury. And, as the district court recognized, Sedgwick's state law claims lack merit.

Finally, Sedgwick's request for declaratory relief vis a vis the applicability of Nevada Revised Statutes 41.035 through 41.039 was properly dismissed. Since Henderson never argued that the statutes capped § 1983 awards, there was never a case or controversy before the district court on this issue.

1. The panel unanimously finds this case suitable for decision without oral argument.

The judgment of the district court granting the defendants summary judgment on the liability issues and dismissing the request for declaratory relief is AFFIRMED.